UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID W. SCRIBNER, JR.,

        Plaintiff,

vs.                      Case No.  2:10-cv-728-FtM-29DNF

COLLIER   COUNTY,   a   political
subdivision of the State of florida,
COLLIER  COUNTY  BOARD  OF  COUNTY
COMMISSIONERS,  LEO  OCHS,  in  his
official capacity as County Manager,

        Defendants.

_____

**OPINION AND ORDER**

This  matter  comes  before  the  Court  on  Defendants'  Collier
County, Collier County Board of County Commissioners And Leo Ochs[1],
Motion To Dismiss And Memorandum Of Law (Doc. #5) filed on December
23, 2010.  Plaintiff filed a Response (Doc. #10) on January 6,
2011.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must
accept all well-pleaded factual allegations in a complaint as true
and take them in the light most favorable to plaintiff.  Erickson
v. Pardus, 551 U.S. 89, 94 (2007); Christopher v. Harbury, 536 U.S.
403,  406  (2002).   "To  survive  dismissal,  the  complaint's
allegations must plausibly suggest that the [plaintiff] has a right

_____

[1]Following a Joint Stipulation for Voluntary Dismissal Without
Prejudice (Doc. #13), Leo Ochs was dismissed from the case.  (Doc.
#14.)

to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." <u>James River Ins. Co. v. Ground Down Eng'g, Inc.</u>, 540 F.3d 1270, 1274 (11th Cir. 2008)(citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555-56 (2007)); <u>see</u> <u>also</u> <u>Edwards v. Prime, Inc.</u>, 602 F.3d 1276, 1291 (11th Cir. 2010).  The former rule--that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," <u>La Grasta v. First Union Sec., Inc.</u>, 358 F.3d 840, 845 (11th Cir. 2004)--has been retired by <u>Twombly</u>.  <u>James River Ins. Co.</u>, 540 F.3d at 1274.  Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1950 (2009).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> at 1949.  Further, "[a]lthough a Title VII complaint need not allege facts sufficient to make out a classic <u>McDonnell Douglas</u>[2] prima facie case, [ ] it must provide enough factual matter (taken as true) to suggest intentional [sex] discrimination." <u>Davis v.</u>

---

[2]<u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802 (1973).

Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974 (11th Cir. 2008)(internal quotation marks and citation omitted).

Dismissal is warranted under Fed. R. Civ. Proc. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992).

**II.**

Plaintiff, David W. Scribner, Jr. (Scribner or plaintiff), filed a two-count Complaint And Demand For Jury Trial. (Doc. #1.) Count I alleges that plaintiff was harassed, retaliated against, and constructively discharged because of his gender and that he was subject to a hostile work environment in violation of Title VII of the Civil Rights Act of 1964 (Title VII) and the Florida Civil Rights Act (FCRA).[3] Count II alleges that defendants knowingly and willfully retaliated against Scribner for complaining of discrimination in violation of Title VII and FCRA.

The Complaint alleges that Scribner worked as the Manager of Investigation for Collier County Code Enforcement which reported directly to the Director of Code Enforcement. (Doc. #1, ¶¶ 9-10.)

---

[3]The FCRA is modeled after Title VII, Joshua v. City of Gainesville, 768 So. 2d 432, 435 (Fla. 2000), and decisions construing Title VII are applicable to claims under the FCRA. Jiles v. United Parcel Serv., Inc., 360 F. App'x 61, 63 (11th Cir. 2010)(citing Harper v. Blockbuster Entertainment Corp., 139 F.3d 1385, 1387 (11th Cir. 1998)). Therefore, the analysis of the FCRA claims is identical.

In or about July 2008, Diane Flagg (Flagg) became plaintiff's supervisor when she assumed the position of Director of Code Enforcement. (Id. at ¶11.)  Scribner alleges that Flagg directed a severe and pervasive campaign of wrongful conduct against plaintiff designed to:  systematically prevent him from performing his job; undermine plaintiff's authority within his department; and demean, embarrass, and otherwise eliminate plaintiff's employment. Scribner alleges that none of these problems were encountered by the Manager of Operations, who also reported to Flagg, who was female.  (Id. at ¶¶ 12-15.)

On or about September 24, 2008, plaintiff complained of Flagg's conduct to Collier County officials.  Later that same day, plaintiff alleges that Flagg threatened him and relieved him of almost all of his original job duties and made him work in a small cubicle.  Scribner asserts that the female Manager of Operations did not suffer the same humiliating treatment.  (Id. at ¶¶ 16-17.)

Plaintiff filed two Charges of Discrimination with the Equal Opportunity Commission (EEOC) complaining of gender discrimination and retaliation.  (Id. at ¶18.)  On or about December 2, 2008, Scribner met with Joe Giampa, manager of Human Resources, to reiterate his belief that Flagg treats men less favorably than women.  On or about December 3, 2008, Scribner informed Collier County officials that he had commenced EEOC proceedings against

Flagg.  That same day, Flagg emailed Scribner instructing him to clean out his desk and return his keys.  (<u>Id.</u> at ¶¶ 19-20.)

On or about December 22, 2008, Scribner was advised that he would be returning to his regular job duties, and Flagg presented Scribner with a "performance improvement plan."  However, Scribner did not assume his regular job duties as promised.  Additionally, Scribner asserts that Flagg continued to threaten and mistreat him. (<u>Id.</u> at ¶¶ 21-24.)

On or about June 1, 2009, Scribner met with Collier County official Joe Schmidt (Schmidt) regarding a Commitment to Fair Treatment complaint.  Schmidt allegedly stated that it was clear that either Scribner or Flagg had to go, then refused to rule on the complaint and proposed eliminating Scribner's position.  (<u>Id.</u> at ¶26.)  On or about July 28, 2009, Scribner alleges he was constructively discharged from his position.  (<u>Id.</u> at ¶27.)

In their motion to dismiss, defendants assert plaintiff has failed to set forth a prima facie case of gender discrimination or retaliation under Title VII or FCRA.  (Doc. #5, p. 2.)

### III.

Title VII prohibits employers from discriminating against individuals with respect to compensation, terms, conditions, or privileges of employment because of the individual's race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-2(a)(1). This statute prohibits two categories of discrimination – disparate

treatment and disparate impact.[4]   <u>Reeves v. C.H. Robinson</u>
<u>Worldwide, Inc.</u>, 594 F.3d 798, 807 (11th Cir. 2010)(en banc).  In
disparate treatment situations, an employer discriminates against
an employee because of the person's membership in a protected
group.  <u>Id.</u>  Disparate treatment discrimination can take two forms
- a tangible employment action or creation of a hostile work
environment.  <u>Id.</u>; <u>Nurse "Be" v. Columbia Palms W. Hosp. LP.</u>, 490
F.3d 1302, 1308 (11th Cir. 2007).  Plaintiff alleges both forms of
disparate treatment discrimination by alleging he was subjected to
a hostile work environment and was subject to adverse employment
actions because of his sex.

Title VII also prohibits discrimination by retaliation.  Title
VII provides, in part:

> It shall be an unlawful employment practice for an
> employer to discriminate against any of his employees or
> applicants for employment . . . because he has opposed
> any practice made an unlawful employment practice by this
> subchapter, or because he has made a charge, testified,
> assisted, or participated in any manner in an
> investigation, proceeding, or hearing under this
> subchapter.

42 U.S.C. § 2000e-3(a).  The statute thus contains an "opposition
clause" and a "participation clause" protecting different types of
protected activities.  Plaintiff claims retaliation only under the
participation clause, alleging that his termination was in
retaliation for complaining of the discrimination he was
experiencing.

---

[4]Disparate impact discrimination is not at issue in this case.

## A.  Hostile Work Environment

In Count I Scribner alleges that his supervisor, Dianne Flagg, created a hostile work environment because of his sex.  To establish a hostile work environment claim, plaintiff must show:

> (1) that he or she belongs to a protected group; (2) that the employee has been subject to unwelcome sexual harassment, such as sexual advances, requests for sexual favors, and other conduct of a sexual nature; (3) that the harassment must have been based on the sex of the employee; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) a basis for holding the employer liable.

Reeves, 594 F.3d at 808 (citing Mendoza v. Borden, Inc., 195 F.3d 1238, 1245 (11th Cir. 1999)).  For purposes of the motion to dismiss, defendants argue that even assuming that all of plaintiff's allegations are true, they are not so severe or pervasive as to support a claim of hostile work environment.  (Doc. #5, pp. 5-6.)  Plaintiff argues to the contrary.

In order for the alleged harassment to be subject to Title VII, it must be based upon the plaintiff's sex.  Mendoza, 195 F.3d at 1245.  Although it is not the typical case, a sexual harassment claim can be based on offensive conduct which is not of a sexual nature but which is inflicted on an employee because of gender.  Bell v. Crackin Good Bakers, Inc., 777 F.2d 1497, 1503 (11th Cir. 1985)(holding that "threatening, bellicose, demeaning, hostile or offensive conduct by a supervisor in the workplace because of the sex of the victim" can be actionable).  Thus, "[i]t does not prohibit harassment alone, however severe and pervasive.  Instead, Title VII prohibits discrimination, including harassment that

discriminates based on a protected category such as sex." <u>Reeves</u>, 594 F.3d at 809 (citing <u>Baldwin v. Blue Cross/Blue Shield of Ala.</u>, 480 F.3d 1287, 1301-02 (11th Cir. 2007)).

The Supreme Court summarized the severe or pervasive component as follows:

> [S]exual harassment is actionable under Title VII only if it is so severe or pervasive as to alter the conditions of [the victim's] employment and create an abusive working environment. [ ] Workplace conduct is not measured in isolation; instead, whether an environment is sufficiently hostile or abusive must be judged by looking at all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance. [ ] Hence, a recurring point in [our] opinions is that simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment.

<u>Clark County Sch. Dist. v. Breeden</u>, 532 U.S. 268, 270-71 (2001) (internal citations and quotations omitted); <u>see also</u> <u>Johnson v. Booker T. Washington Broad. Serv. Inc.</u>, 234 F.3d 501, 509 (11th Cir. 2000).

After reviewing the Complaint and taking all plaintiff's allegations as true, the Court finds that Scribner has insufficiently pled that the alleged harassment was based on his gender or was sufficiently severe or pervasive. The Complaint reflects that plaintiff alleges that his supervisor generally undermined and demeaned him because of his gender with a passing reference that a woman who worked there did not suffer the same humiliation. Additionally, at worst, Flagg chastised and isolated

plaintiff from his subordinates.  Even if taken as true, this is not the kind of conduct that has been held to be severe in pervasive.  <u>See, e.g.</u>, <u>Reeves</u>, 594 F.3d 798, 811 (where pornographic images were displayed as well as the frequent use of gender-specific offensive terms held to be severe or pervasive); <u>Freytes-Torres v. City of Sanford</u>, 270 F. App'x 885, 890-91 (11th Cir. 2008)(sexual advances coupled with physically threatening actions held to be severe or pervasive).

**B. Termination based on sex**

For a prima facie case of discrimination, the plaintiff must establish, "(1) [he] is a member of a protected class; (2) [he] was subjected to an adverse employment action; (3) [his] employer treated similarly situated employees outside of [his] protected class more favorably than [he] was treated; and (4) [he] was qualified to do the job." <u>Burke-Fowler v. Orange County, Fla.</u>, 447 F.3d 1319, 1323 (11th Cir. 2006).  In their motion to dismiss defendants assert that plaintiff failed to allege sufficient facts that he suffered an adverse employment action and that similar situated employees were treated more favorably.  (Doc. #5, p. 5.) Plaintiff argues to the contrary.

After a review of the Complaint, and plaintiff's Response, the Court finds that plaintiff has insufficiently plead that a similarly situated employee outside of his protected class was treated more favorably than he was treated.  "To show that employees are similarly situated, the plaintiff must establish that

-9-

the employees are 'similarly situated in all relevant respects.'" Daniels v. Hale, 350 F. App'x 380, 385 (11th Cir. 2009)(quoting Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1091 (11th Cir. 2004)).  Thus, the comparator must be "'nearly identical' to prevent courts from second-guessing employers' reasonable decisions." Id.

Scribner only alleges that "None of the foregoing problems were encountered by the Manager of Operations, who was female" and "Again, the Manger of Operations  suffered none of the same humiliating treatment." (Doc. #1, ¶¶ 15, 17.)  These conclusory allegations, which do not include factual allegations that show that the Manager of Operations is "similarly situated", are insufficient to state a cause of action.[5]  See Uppal v. Hospital Corp. of America, No. 8:09-cv-634, 2011 WL 2631869 at *3 (M.D. Fla. July 5, 2011)(collecting cases).

## C. Retaliation

A prima facie case for retaliation in violation of Title VII requires proof that: (1) the employee engaged in statutorily protected activity; (2) the employee suffered a materially adverse employment action; and (3) there was a casual connection between the protected activity and the adverse employment action.  Jones v.

---

[5]Since the Court found that plaintiff's allegations of a comparator are insufficient, it will not address defendants' arguments that paragraph 15 of the Complaint should be stricken. (See Doc. #5, p. 10.)

Flying J, Inc., 409 F. App'x 290, 294 (11th Cir. 2011)(citing Howard v. Walgreen Co., 605 F.3d 1239, 1244 (11th Cir. 2010)).

Even though a plaintiff can state a claim for retaliation based upon opposition to conduct that is not actually unlawful, the plaintiff must have a "good faith, reasonable belief that the employer was engaged in unlawful employment practices." Butler v. Alabama Dept. of Transp., 536 F.3d 1209, 1213 (11th Cir. 2008). "[T]his standard has both a subjective and an objective component. A plaintiff must not only show that he subjectively (that is, in good faith) believed that his employer was engaged in unlawful employment practices, but also that his belief was objectively reasonable in light of the facts and record presented.  It thus is not enough for a plaintiff to allege that his belief in this regard was honest and bona fide; the allegations and record must also indicate that the belief, though perhaps mistaken, was objectively reasonable."  Id. (citing Little v. United Techs. Carrier Transicold Div., 103 F.3d 956, 960 (11th Cir. 1997)).  "The reasonableness of the employee's belief is measured against existing substantive law." Van Portfliet v. H & R Block Mortg. Corp., 290 F. App'x 301, 303 (11th Cir. 2008).

Even assuming that Scribner subjectively believed that Flagg's actions constituted an unlawful employment practice, the conduct he complains of is not of the character that has been held to be severe or pervasive.  As referenced above, existing substantive law shows that Scribner's belief that Flagg's behavior constituted a

hostile work environment was not objectively reasonable.  Thus, his retaliation claim fails as a matter of law.  See id. at 304; Butler, 536 F.3d at 1214; Uppal, 2011 WL 2631869 at *6.

Accordingly, it is now

**ORDERED**:

1. Defendants', Collier County, Collier County Board of County Commissioners And Leo OCHS, Motion To Dismiss And Memorandum Of Law (Doc. #5) is **GRANTED** to the extent that the Complaint (Doc. #1) is dismissed without prejudice.

2.  Plaintiff may file an Amended Complaint within **TWENTY-ONE (21) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __14th__ day of July, 2011.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record