UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


DAVID W. SCRIBNER, JR.,


                    Plaintiff,

vs.                                   Case No.  2:10-cv-728-FtM-29DNF


COLLIER    COUNTY,    a    political
subdivision of the State of florida,
COLLIER  COUNTY  BOARD  OF  COUNTY
COMMISSIONERS, LEO OCHS, in his
official capacity as County Manager,


                    Defendants.
_____


## OPINION AND ORDER

This matter comes before the Court on Defendants', Collier
County, Collier County Board of County Commissioners and Leo Ochs[1],
Motion to Dismiss First Amended Complaint (Doc. #20) filed on
August 24, 2011.  Plaintiff David W. Scribner (Scribner or
plaintiff) filed a response in opposition on September 26, 2011.
(Doc. #23.)

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must
accept all well-pleaded factual allegations in a complaint as true
and take them in the light most favorable to plaintiff.  Erickson

---

[1]Following a Joint Stipulation for Voluntary Dismissal Without
Prejudice (Doc. #13), defendant Lee Ochs was dismissed from the
case.  (Doc. #14.)

v. Pardus, 551 U.S. 89, 94 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)); see also Edwards v. Prime, Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. Additionally, dismissal is warranted under Fed. R. Civ. Proc. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992).

**II.**

Plaintiff, David W. Scribner, Jr. (Scribner or plaintiff), filed a two-Count Amended Complaint and Demand for Jury Trial. (Doc. #19.) Count I alleges that Scribner was harassed, retaliated against, constructively discharged, and subjected to a hostile work environment because of gender in violation of Title VII of the Civil Rights Act of 1964 (Title VII) and the Florida Civil Rights Act (FCRA).[2] Count II alleges that defendants knowingly and willfully retaliated against Scribner for complaining about the gender discrimination.

The Amended Complaint, viewed in the light most favorable to plaintiff, alleges the following:

Plaintiff is a male former employee of the Collier County Code Enforcement office. Collier County Code Enforcement was divided into two main divisions: (1) Investigations; and (2) Operations. Scribner was employed as the Manager of Investigations, while an unnamed female was employed as the Manager of Operations. There were no other managers, and both manager positions reported directly to the Director of Code Enforcement, supervised multiple employees, and shared similar levels of responsibility. Plaintiff

---

[2]The FCRA is modeled after Title VII, Joshua v. City of Gainesville, 768 So. 2d 432, 435 (Fla. 2000), and decisions construing Title VII are applicable to claims under the FCRA. Jiles v. United Parcel Serv., Inc., 360 F. App'x 61, 63 (11th Cir. 2010)(citing Harper v. Blockbuster Entertainment Corp., 139 F.3d 1385, 1387 (11th Cir. 1998)). Therefore, the analysis of the FCRA claims is identical.

also alleges that there were other female employees working within Investigations who, while not managers, reported directly to the Director of Code Enforcement, supervised multiple employees, and had or assumed similar levels of responsibility as plaintiff.

In or about July of 2008, Diane Flagg (Flagg), a female, assumed the role of Director of Code Enforcement. Plaintiff claims that Flagg demeaned, threatened and humiliated him in the workplace and interfered with his ability to perform his duties of manager solely because of his gender. Scribner contends that Flagg administered severe employment discipline and adverse employment actions against him, including a November 2008 "Supervisory Log," a December 2008 "Behavioral Action Plan," an April 2009 "Performance Improvement Plan," and constructive discharge of his employment. (Doc. #19, ¶14.) Plaintiff was relieved of most of his original job duties in favor of job responsibilities usually performed by individuals ten (10) grades below his position and by the Operations division. (Id. at ¶15.) Additionally, plaintiff cites over a dozen specific instances of "threatening, demeaning, hostile, and offensive conduct which unreasonably interfered with [his] job performance, . . ." (Id. at ¶¶16-18, 20.) Scribner alleges that Flagg did not behave in a similar manner towards the female Manager of Operations or other females within Collier County Code Enforcement.

Scribner alleges that he made numerous complaints regarding the gender discrimination, including on September 24, 2008, December 2, 2008, December 11, 2008, January 2009, and June 2009. Defendants refused, however, to investigate his complaints although they routinely conducted timely, complete, and thorough investigations when females complained of gender discrimination. Following his December 11, 2008 complaint, Flagg retaliated against Scribner by issuing a "Behavioral Action Plan" which again stripped plaintiff of his job responsibilities.

In March, 2009, plaintiff filed his initial EEOC Charge of Discrimination alleging gender discrimination. Scribner alleges that on April 20, 2009, Flagg threatened him by issuing a "Performance Improvement Plan/Special Evaluation" to induce Scribner to drop his EEOC charge. Finally, on June 1, 2009, Scribner met with Collier County official Joe Schmidt. Schmidt informed Scribner that either Flagg or Scribner "ha[d] to go" and proposed eliminating Scribner's position. On July 28, 2009, plaintiff contends he was constructively discharged because no reasonable person could continue working under the conditions. (Id. at ¶¶ 21, 28-31, 36, 38, 41-41.)

**III.**

In their motion to dismiss, defendants assert that Count I fails to set forth a prima facie case of gender discrimination under Title VII or the FCRA, fails to include any facts supporting

-5-

that plaintiff was treated less favorably than female colleagues based on gender, and fails to allege any adverse employment action. Defendants assert that Count II fails to set forth a prima facie case of retaliation under Title VII or the FCRA, and fails to allege any adverse employment action or a causal connection between the adverse employment action and plaintiff's protected activity. Defendants also seek to strike paragraphs 9 and 10 of the Amended Complaint. In a previous Order, the Court discussed the applicable law under Title VII, which it will adopt without repeating. (See Doc. #18, pp. 5-11.)

## A. Prima Facie Case

The Court rejects defendants' arguments that dismissal is required because of a failure to set fort a prima facie case of gender discrimination or retaliation. At the pleading stage, "a Title VII complaint need not allege facts sufficient to make out a classic <u>McDonnell Douglas</u>[3] prima facie case, . . ." <u>Davis v. Coca-Cola Bottling Co. Consol.</u>, 516 F.3d 955, 974 (11th Cir. 2008)(internal quotation marks and citation omitted).

## B. Sufficient Facts

The Court also rejects defendants' argument that there are insufficient facts alleged to show gender discrimination in Count I. It is certainly true that merely alleging you are treated differently than similarly situated employees solely because of

---

[3]<u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802 (1973).

gender is not alone sufficient to satisfy Fed. R. Civ. P. 8(a). <u>Davis</u>, 516 F.3d at 974-75 (a complaint "must provide enough factual matter [taken as true] to suggest intentional [sex] discrimination.")  To prevail under Title VII, evidence must be presented which is "sufficient to create an inference of discrimination." <u>Holifield v. Reno</u>, 115 F.3d 1555, 1564 (11th Cir. 1997).  The Amended Complaint specifically identifies a series of adverse actions taken by plaintiff's female immediate supervisor directed at plaintiff which were not taken against any female employees who are alleged to be similarly situated.  (Doc. #19, ¶¶ 13-20.)  Additionally, plaintiff alleges that his complaints of gender discrimination were not investigated, while complaints of gender discrimination by similarly situated females were.  (<u>Id.</u> at ¶21.)  Count I sets forth sufficient facts to allege plausible claims of gender discrimination, which is all that is required at this stage of the proceeding.

**C.    Supporting Documentation**

Contrary to defendants' arguments (<u>See</u> Doc. #20, p. 5), a plaintiff need not attach supporting documents to a complaint. Documents which are attached to a complaint become part of the pleading for all purposes, Fed. R. Civ. P. 10(c), but such documents are not required.  Additionally, plaintiff need not allege specific dates on which events took place.  <u>In re Southeast Banking Corp.</u>, 69 F.3d 1539, 1551 (11th Cir. 1995) ("[F]or better

or worse, the Federal Rules of Civil Procedure do not permit district courts to impose upon plaintiffs the burden to plead with the greatest specificity they can.").

### D. **Similarly Situated Employees**

The Amended Complaint asserts that the Manager of Operations and "other female employees who worked within Investigations" were similarly situated to him in all relevant respects. (Doc. #19, ¶¶ 9-10.) He asserts that these women were similarly situated because they reported directly to the Director of Code Enforcement, supervised multiple employees, and shared similar levels of responsibility within Collier County Code Enforcement. (Id.)

"To show that employees are similarly situated, the plaintiff must establish that the employees are 'similarly situated in all relevant respects.'" Daniels v. Hale, 350 F. App'x 380, 385 (11th Cir. 2009)(quoting Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1091 (11th Cir. 2004)). Thus, the comparator must be "'nearly identical' to prevent courts from second-guessing employers' reasonable decisions." Id. Plaintiff must show that the comparator is similarly situated in terms of conduct, performance, and qualifications and that no differentiating or mitigating circumstances distinguish their situations. Phillips v. Aaron Rents, Inc., 2008 WL 111038, at *5 (11th Cir. 2008)(citing Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1091 (11th Cir. 2004).

There is certainly at least one similarly situated comparator, and the Amended Complaint alleges that there are others. Although plaintiff may not be able to establish more than one similarly situated person, the Amended Complaint sufficiently alleges the existence of others.

**E. Adverse Employment Action**

Defendants contend that plaintiff has failed to allege sufficient facts showing that he suffered an adverse employment action. Plaintiff argues to the contrary.

An adverse employment action must be a serious and material change in the terms, conditions, or privileges of employment. Davis v. Town of Lake Park, 245 F.3d 1232, 1239 (11th Cir. 2001). An adverse employment action is a "significant change in employment status such as hiring, firing, failing to promote, *reassignment with significantly different responsibilities* or a decision causing a significant change in benefits." Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761 (1998)(emphasis added); see also Webb-Edwards v. Orange Cnty. Sheriff's Office, 525 F.3d 1013 (11th Cir. 2008). Scribner contends that in November 2008, he was "relieved of almost all of his original job duties in favor of new 'job responsibilities' . . . typically performed outside of Scribner's division within the department by employees working ten (10) pay grades below Scribner." (Id. at ¶15.) Plaintiff also alleges

constructive discharge.  The Court finds that the Amended Complaint adequately alleges adverse employment actions.

## F.    Hostile Work Environment

Defendants contend plaintiff has insufficiently pled that Flagg's actions were based on his gender and that the conditions of his employment were so severe or pervasive as to alter the terms and conditions of his employment.  Scribner argues to the contrary.

A sexual harassment claim can be based on offensive conduct which is not of a sexual nature but which is inflicted on an employee because of gender.  Bell v. Crackin Good Bakers, Inc., 777 F.2d 1497, 1503 (11th Cir. 1985)(holding that "threatening, bellicose, demeaning, hostile or offensive conduct by a supervisor in the workplace because of the sex of the victim" can be actionable).  The allegations in the Amended Complaint adequately set forth a plausible claim of such a gender-based hostile work environment.

## G.    Retaliation

Retaliation in violation of Title VII requires proof that: (1) the employee engaged in a statutorily protected activity; (2) the employee suffered a materially adverse employment action; and (3) there was a casual connection between the protected activity and the adverse employment action.  Jones v. Flying J, Inc., 409 F. App'x 290, 294 (11th Cir. 2011)(citing Howard v. Walgreen Co., 605

F.3d 1239, 1244 (11th Cir. 2010)).   Plaintiff has sufficiently

alleged a plausible  basis for his claim.

Accordingly, it is now

**ORDERED:**

Defendants', Collier County, Collier County Board of County

Commissioners and Leo OCHS, Motion To Dismiss And Memorandum Of Law

(Doc. #5) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __28th__ day of

March, 2012.


_____
JOHN E. STEELE
United States District Judge


Copies:
Counsel of record